UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:05cr0030AS |
| | ) | |
| KEITH B. WIGFALL | ) | |
| *********************************** | | |
| KEITH B. WIGFALL, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cv0542 AS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

This court takes full judicial notice of the entire record in this case as it pertains to the petitioner, Keith B. Wigfall. What is before the court now is the petition under 28 U.S.C. §2255 filed pro se by Keith B. Wigfall. This court is well aware of its obligations with regard to pro se litigants, especially pro se prisoners under *Haines v. Kerner*, 404 U.S. 519 (1972). This case has a lengthy procedural history which is reflected in the docket sheet which the court has before it including as of this date approximately 50 items. The response by the U.S. Attorney filed October 3, 2006 accurately summarizes the sequence of procedural events relative to the conviction and sentencing of Mr. Wigfall. It is correct that in the plea

proceedings in this case at a time when this defendant-petitioner was ably represented by counsel, he specifically waived his right to file a direct appeal or to file proceedings under 28 U.S.C. §2255. The Court of Appeals in this circuit has explicitly considered the waiver of rights under 28 U.S.C. §2255. *See Jones v. United States*, 167 F.3d 1142 (7th Cir. 1999), and *Roberts v. United States*, 429 F.3d 723 (7th Cir. 2005). That basis alone is sufficient here to dismiss this petition.

The record indicates that Mr. Wigfall did send a note to Attorney Robert Truitt with regard to the filing of a notice of appeal, but the time for filing such had run out by the date of that note. Even aside from the waiver, this petitioner is hard pressed to make a case here with regard to the conduct of Mr. Truitt under *Strickland v. Washington*, 466 U.S. 668 (1984), and *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

With no disrespect intended to Mr. Wigfall, his contentions with regard to his own incompetency at the time he entered his plea of guilty is completely without merit. Most recently, he filed an affidavit executed before a case manager at a federal correctional institution on November 17, 2006, which, when considered along with the completely cogent and understandable filing made August 31, 2006 belies any claim of incompetency. The claim simply will not fly under *United States v. Chichakly*, 926 F.2d 624 (7th Cir. 1991).

To be very blunt, this court saw and heard this defendant-petitioner in his plea proceedings, and certainly if there had been any indication of his incompetency at that time and place, this court would not have accepted his plea. No such indication of incompetency

was present at that time and place.  This court is not obligated at this time on the basis of this record to conduct a further evidentiary hearing.  *See Bruce v. United States*, 256 F.3d 592 (7th Cir. 2001).

So after giving close consideration to this case once again, it is the determination of this court for a variety of reasons that no basis has been asserted for relief under 28 U.S.C. §2255, and such is now **DENIED**.  **IT IS SO ORDERED**.

**DATED:**  November 29, 2006

                                                  **S/ ALLEN SHARP**
                                                  **ALLEN SHARP, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**